**HOLTZMAN & MCCLAIN, PC**
A Professional Corporation
524 Maple Avenue, Suite 200
Linwood, NJ 08221
(609) 601-0900
Stephen D. Holtzman, Esquire (SDH 9921)
Jeffrey S. McClain, Esquire (JSM 0966)
Attorneys for Plaintiff GJJM ENTERPRISES, LLC d/b/a Stiletto

| | |
|---|---|
| GJJM ENTERPRISES, LLC, d/b/a Stiletto, 181 S. South Carolina Ave. Atlantic City, NJ 08401, | **UNITED STATES DISTRICT COURT** **District of New Jersey** |
| Plaintiff, | Case No. 1:17-cv-2492 (JHR) (AMD) |
| v. | Civil Action |
| CITY OF ATLANTIC CITY, 1301 Bacharach Blvd. Atlantic City, NJ 08401, | **FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF** |
| CITY OF ATLANTIC CITY POLICE DEPARTMENT, 2715 Atlantic Ave. Atlantic City, NJ 08401, | |
| HENRY WHITE, Chief, Atlantic City Police Department, In His Official Capacity Only, 2715 Atlantic Ave. Atlantic City, NJ 08401, | |
| CHRISTOPHER PORRINO, New Jersey Attorney General, Richard J. Hughes Justice Complex 25 Market Street Post Office Box 112 Trenton, NJ 08625, | |
| NEW JERSEY DIVISION OF ALCOHOLIC BEVERAGE CONTROL, 140 East Front Street, 5th Floor, Trenton, NJ 08625, | |
| and | |

DAVID P. RIBLE,
Director of New Jersey Division of
Alcoholic Beverage Control,
In His Official Capacity Only,
140 East Front Street, 5th Floor,
Trenton, NJ 08625,

        Defendants.

Now comes Plaintiff GJJM Enterprises, LLC ("GJJM"), by and through counsel, who for its First Amended Complaint against Defendants City of Atlantic City, New Jersey; City of Atlantic City Police Department; Henry White, in his official capacity as Chief of the Atlantic City Police Department; Christopher Porrino, in his official capacity as New Jersey Attorney General; the New Jersey Division of Alcoholic Beverage Control; and David P. Rible, in his official capacity as Director of the New Jersey Division of Alcoholic Beverage Control, states as follows:

## PRELIMINARY STATEMENT

1.     This is an action under the Constitution and laws of the United States asserting that N.J.S.A. 2C:33-27(a)(2), a New Jersey statute that prohibits restaurants from advertising that patrons are permitted to bring and consume their own beer and wine on premises, violates the First Amendment. On its face, the statute imposes a content-based restriction on speech, bans truthful, non-misleading advertising about the lawful consumption of "BYOB" beverages at restaurants and cafes, and acts as a prior restraint on constitutionally-protected expression. In this Complaint, GJJM seeks declaratory and injunctive relief prohibiting the enforcement of the statute by the City of Atlantic City and its police department, as well as by the Attorney General of New Jersey and the New Jersey Division of Alcoholic Beverage Control. GJJM also seeks monetary relief to compensate GJJM for the loss of its protected free speech rights.

2

**JURISDICTION**

2.      This is a lawsuit authorized by law to redress deprivations, under color of state law, of rights, privileges and immunities secured by the First and Fourteenth Amendments of the United States Constitution.  Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § § 2201 and 2202; and by 42 U.S.C. § 1983.

3.      Plaintiff also states causes of action under the Constitution and laws of the State of New Jersey.  These claims are inherently related to the other claims in this case, over which this Court has original jurisdiction, that they are a part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has supplemental jurisdiction of these claims under 28 U.S.C. § 1367.

4.      Venue is appropriate in the District of New Jersey because the acts described in this Complaint have all occurred within the state of New Jersey.

**PARTIES**

5.      Plaintiff GJJM Enterprises, LLC d/b/a Stiletto owns and operates a nightclub, Stiletto, located at 185 S. South Carolina Ave. in Atlantic City, New Jersey.  Stiletto presents live erotic dance performances and other forms of live expressive entertainment geared towards an adult audience.  Stiletto is open to the general adult public and serves non-alcoholic liquid refreshments to its patrons, although Stiletto does not maintain an alcoholic beverage license and does not sell alcoholic drinks.  Stiletto customers are permitted to bring and consume their own beer and wine on the premises consistent with New Jersey law.  GJJM maintains a valid mercantile license for this establishment issued by the City of Atlantic City.

6.      Defendant City of Atlantic City, New Jersey is a municipal corporation located in and organized under the laws of the State of New Jersey.  The actions taken by the City and its officials that are described in this Complaint have been at all times under color of state law.

7.      Defendant Atlantic City Police Department is the official law enforcement agency for the City of Atlantic City.  Organized under Chapter 52 of the Atlantic City Code of Ordinances, the Police Department retains the authority to investigate, arrest, and prosecute individuals who violate New Jersey state law.  The actions taken by the Police Department and its officials that are described in this Complaint have been at all times under color of state law.

8.      Defendant Henry White is the Chief of the Atlantic City Police Department and oversees the policies and procedures that govern the Police Department and its investigations. The actions taken by the Chief White that are described in this Complaint have been at all times under color of state law.  He is sued in his official capacity only.

9.      Defendant Christopher Porrino is the Attorney General for the State of New Jersey and is sued in his official capacity only.  He is vested with the power and duty under New Jersey law to enforce all laws of the state, including those pertaining to alcoholic beverages.

10.     Defendant New Jersey Division of Alcoholic Beverage Control is the agency of the State of New Jersey vested with establishing and enforcing policy regarding the manufacture, distribution, and sale of alcoholic beverages.

11.     Defendant David P. Rible is the Director of the New Jersey Division of Alcoholic Beverage Control and is sued in his official capacity only.  He is responsible under state law for supervising the manufacture, distribution, and sale of alcoholic beverages in accordance with state alcoholic beverage policy.

## STATEMENT OF THE CASE

12.     Stiletto is one of Atlantic City's premier nightlife destinations.  Located adjacent to the Atlantic City boardwalk, the club features non-alcoholic beverages, upscale live entertainment, and frequently hosts tourists, convention groups, and bachelor parties.  Stiletto draws the vast majority of its customer base from Atlantic City resorts and hotels and is open to the general adult public.

13.     As a service to its customers, Stiletto permits its clientele to bring their own outside beer and wine to consume on the premises, but does not allow customers to bring in or consume liquor or mixed drinks.  Stiletto does, however, sell and serve non-alcoholic liquid refreshments to its customers.  Stiletto does not maintain a state-issued license to serve alcoholic beverages.

14.     Section 2C:33-27 of the New Jersey Code governs the consumption of alcohol at public places that serve liquid refreshment, but that, like Stiletto, do not have a license to sell alcoholic beverages.  Under the statute, patrons may bring their own beer and wine to the restaurant, but may not bring outside liquor.  *See* N.J.S.A. 2C:33-27(a)(1).  The restaurant may not, however, advertise – either inside or outside the establishment – that patrons are permitted to bring their own alcoholic beverages.  *Id*. at (a)(2).  In other words, restaurants and other public places serving liquid refreshments are prohibited from notifying customers that their establishments are "BYOB," even though it is fully lawful for patrons to bring and consume their own alcoholic beverages on the premises.  *Id*.

15.     Violations of the advertising ban are treated as criminal offenses.  *See* N.J.S.A. 2C:33-27(c).  Individuals who advertise that customers may "BYOB" to their restaurants face prosecution as disorderly persons.  *Id*.  In addition to the criminal penalties for that offense,

courts may also prohibit individuals who violate the advertising ban from permitting the consumption of "BYOB" beverages at their businesses. *Id.*

16.     Because violations of N.J.S.A. 2C:33-27 involve businesses without an alcoholic beverage license and are treated as crimes, they are investigated and prosecuted by local law enforcement agencies. Thus, violations of N.J.S.A. 2C:33-27 in Atlantic City fall to the Atlantic City Police Department to detect and pursue.

17.     N.J.S.A. 2C:33-27 constitutes the official policy of the New Jersey Attorney General and the New Jersey Division of Alcoholic Beverage Control with respect to "BYOB" advertising.

18.     Stiletto does not presently advertise the opportunity to bring outside beer and wine to its customers for fear of prosecution under N.J.S.A. 2C:33-27(c). As such, Stiletto has censored its expression as a direct result of the advertising ban's chilling effect.

19.     Absent the ban, Stiletto would provide truthful, nonmisleading advertising to its customer base by using the term "BYOB" on its website, print advertising materials (including print ads in magazines and newspapers), signage, and customer literature, including menus and price lists. Because it is both lawful and permissible to consume "BYOB" beverages at Stiletto, this information would enable customers to make more informed decisions about their dining and entertainment options.

20.     Both on its face and as applied to GJJM, N.J.S.A. 2C:33-27 violates the First Amendment to the United States Constitution and related provisions of the New Jersey Constitution because it prohibits truthful and nonmisleading advertising about a lawful business activity and restricts speech based on its content. The Court should accordingly enjoin the City of Atlantic City and its Police Chief and Department, as well as the Attorney General, the New

Jersey Division of Alcoholic Beverage Control and its Director, from enforcing the "BYOB" advertising ban.

## STATEMENT OF CLAIMS
### COUNT ONE:
### Violation of First Amendment Rights
### Under 42 U.S.C. § 1983

21.     Each of the foregoing paragraphs is incorporated by reference as if repeated here.

22.     Plaintiff GJJM retains a protected First Amendment right to distribute truthful, nonmisleading commercial speech and advertising about its products, services, and business model.  This includes the right to label itself as a "BYOB" establishment and to provide information to customers about the option of bringing their own beer and wine to consume on the premises.

23.     N.J.S.A. 2C:33-27 imposes a content-based ban on advertising by restaurants that is presumptively unconstitutional and cannot survive strict scrutiny.  The government lacks a compelling governmental interest in prohibiting speech about "BYOB" while permitting other commercial speech related to the sale and consumption of alcoholic beverages.

24.     By and through the potential enforcement of N.J.S.A. 2C:33-27, the City of Atlantic City and its police force, in conjunction with the New Jersey Attorney General, the Division of Alcoholic Beverage Control, and its Director have created a chilling effect on GJJM's constitutionally-protected right to free speech and commercial speech.

25.     The government maintains no compelling, substantial, or legitimate interest in prohibiting the distribution of truthful, nonmisleading information about the option for GJJM's customers to bring alcohol for on-site consumption.

26.     Even if the government did retain such an interest, enforcement of N.J.S.A. 2C:33-27 through criminal prosecution and the imposition of restrictions on alcohol consumption

are not the least restrictive means of accomplishing the government's goals, nor are these enforcement remedies narrowly tailored to the government's interests.

27.     GJJM is therefore entitled to a declaration that the "BYOB" advertising ban contained in N.J.S.A. 2C:33-27(a)(2) is unconstitutional, to preliminary and permanent injunctive relief enjoining the government from enforcing N.J.S.A. 2C:33-27(a)(2), and monetary damages in an amount to be determined at trial to compensate GJJM for the loss of its right to present truthful commercial speech to the consenting adult public.

## COUNT TWO:
## Violations of New Jersey Constitution

28.     Each of the foregoing paragraphs is incorporated by reference as if repeated here.

29.     GJJM pleads each of the foregoing federal constitutional claims in the alternative as state constitutional claims under the New Jersey Constitution.  More specifically, GJJM pleads a violation of its right to free expression under Article I, Section 6 of the New Jersey Constitution.

WHEREFORE, Plaintiff GJJM Enterprises, LLC seeks the following relief against Defendants City of Atlantic City, New Jersey; City of Atlantic City Police Department; Henry White, in his official capacity as Chief of the Atlantic City Police Department; Christopher Porrino, in his official capacity as New Jersey Attorney General; the New Jersey Division of Alcoholic Beverage Control; and David P. Rible, in his official capacity as Director of the New Jersey Division of Alcoholic Beverage Control:

1.     A declaration that the "BYOB" advertising ban contained in N.J.S.A. 2C:33-27(a)(2) violates the First Amendment to the United States Constitution and Article I, Section 6 of the New Jersey Constitution;

2.      Preliminary and permanent injunctive relief, to be sought by separate motion, enjoining Defendants City of Atlantic City, New Jersey; City of Atlantic City Police Department; Henry White, in his official capacity as Chief of the Atlantic City Police Department; Christopher Porrino, in his official capacity as New Jersey Attorney General; the New Jersey Division of Alcoholic Beverage Control; and David P. Rible, in his official capacity as Director of the New Jersey Division of Alcoholic Beverage Control from enforcing the "BYOB" advertising ban contained in N.J.S.A. 2C:33-27;

3.      Monetary damages in an amount to be determined at trial to compensate GJJM for the chilling effect N.J.S.A. 2C:33-27 has imposed on its First Amendment rights;

4.      An award of Plaintiff's reasonable attorney fees and costs pursuant to 42 U.S.C. 1988; and

5.      Any such other relief in law or equity that this Court deems appropriate under the circumstances.

Respectfully submitted,

 /s/ Stephen D. Holtzman (SDH 9921)
STEPHEN D. HOLTZMAN, ESQUIRE
Holtzman & McClain, PC
524 Maple Ave., Suite 200
Linwood, NJ 08221
(609) 601-0900
SHoltzman2000@aol.com

JENNIFER M. KINSLEY, ESQUIRE
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
Kinsleylawofffice@gmail.com

DANIEL A. SILVER, ESQUIRE
Silver & Silver
One Liberty Square
New Britain, Connecticut 06050
(860) 225-3518
dan@lawsilver.com

Counsel for Plaintiff GJJM Enterprises, LLC

Dated: October 13, 2017

10