UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GJJM ENTERPRISES, LLC, d/b/a STILETTO, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 17-2492 |
| v. | : | |
| CITY OF ATLANTIC CITY, CITY OF ATLANTIC CITY POLICE DEPARTMENT, HENRY WHITE, Chief, Atlantic City Police Department,[1] CHRISTOPHER PORRINO, New Jersey Attorney General, NEW JERSEY DIVISION OF ALCOHOLIC BEVERAGE CONTROL, DAVID P. RIBLE, Director of New Jersey Division of Alcoholic Beverage Control, | : : : : | MEMORANDUM OPINION & ORDER |
| Defendants. | : | |

In this motion, Plaintiff GJJM Enterprises, LLC d/b/a Stiletto ("GJJM") challenges the constitutionality of New Jersey's ban on "BYOB" advertising and seeks declaratory and injunctive relief claiming that N.J. Stat. Ann. § 2C:33-27(a)(2) violates its First Amendment rights and that the government should be enjoined from enforcing the ban.

---

[1] Plaintiff GJJM voluntarily dismissed the claims against the Atlantic City Police Department and its Chief of Police as duplicative of those against the City. [Doc. 22.] In addition, this Court dismissed the claims against Atlantic City by Opinion and Order dated December 17, 2017. [Docs. 40, 41.] Further, GJJM did not object to dismissal of its request for monetary damages. [Civil Action No. 17-6879, Doc. 14.]

1

Cross-motions for summary judgment are now before the Court. Oral argument on the motions was held September 19, 2018, and the record of that proceeding is incorporated here. For the reasons stated during oral argument, as well as those articulated below, the Court will grant Plaintiff's motion for summary judgment, as the Court finds the State's BYOB advertising ban unconstitutional. Accordingly, the State Defendants' cross-motion for summary judgment will be denied. The parties are directed to provide the Court with a proposed permanent injunction to reflect these proceedings.

Background

GJJM operates a nightlife destination called Stiletto ("the Club") adjacent to the Atlantic City boardwalk. The Club features non-alcoholic beverages and live entertainment and frequently hosts tourists, convention groups, and bachelor parties. As a service to its customers, GJJM permits its clientele to bring their own beer and wine ("BYOB") to consume at the Club; it does not allow customers consume liquor or mixed drinks in the Club. GJJM contends that the fear of prosecution under New Jersey's ban on BYOB advertising has prevented it from notifying its clients—either through radio, print, television, and online ads or by exterior or interior signage—that they are permitted to bring their own beer or wine to the Club.

# New Jersey Law

Section 2C:33-27 of the New Jersey Statutes governs the consumption of alcohol at restaurants that do not have a license to sell alcoholic beverages. It provides, in pertinent part:

> a. No person who owns or operates a restaurant, dining room or other public place where food or liquid refreshments are sold or served to the general public, and for which premises a license or permit authorizing the sale of alcoholic beverages for on-premises consumption has not been issued:
> (1) Shall allow the consumption of alcoholic beverages, other than wine or a malt alcoholic beverage, in a portion of the premises which is open to the public; or
> (2) Shall charge any admission fee or cover, corkage or service charge or advertise inside or outside of such premises that patrons may bring and consume their own wine or malt alcoholic beverages in a portion of the premises which is open to the public.
> (3) Shall allow the consumption of wine or malt alcoholic beverages at times or by persons to whom the service or consumption or alcoholic beverages on licensed premises is prohibited by State or municipal law or regulation.
> \* \* \*
> c. A person who violates any provision of this act is a disorderly person, and the court, in addition to the sentence imposed for the disorderly person violation, may by its judgment bar the owner or operator from allowing consumption of wine or malt alcoholic beverages in his premises as authorized by this act.

N.J. Stat. Ann. § 2C:33-27.

Under the statute, patrons may bring their own beer and wine to the restaurant, but may not bring outside liquor. 2C:33-27(a)(1). The restaurant may not, however, advertise–either inside or outside the

establishment–that patrons are permitted to bring their own alcoholic beverages. 2C:33-27 (a)(2). As a result, restaurants are prohibited from notifying customers that their establishments are BYOB, even though it is lawful for patrons to bring and consume their own beer or wine on the premises. Individuals who advertise that customers may BYOB to their restaurants face prosecution as disorderly persons. 2C:33-27(c). In addition, courts may prohibit individuals who violate the advertising ban from permitting the consumption of BYOB beverages at their restaurants. Id.

## Nature of the Claim

GJJM's Constitutional claim is governed by Title 42 U.S.C. § 1983, which provides a civil remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. See Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). Any analysis of 42 U.S.C. § 1983 begins with the language of the statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983.

As the above language makes clear, Section 1983 is a remedial statute designed to redress deprivations of rights secured by the Constitution and its subordinate federal laws. See Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979). By its own words, therefore, Section 1983 "does not . . . create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Baker, 443 U.S. at 145, n.3).

To state a cognizable claim under Section 1983, a plaintiff must allege a "deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (citing Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996)). Thus, a plaintiff must demonstrate two essential elements to maintain a claim under § 1983: (1) that the plaintiff was deprived of a "right or privileges secured by the Constitution or the laws of the United States" and (2) that plaintiff was deprived of his rights by a person acting under the color of state law. Williams v. Borough of West Chester, Pa., 891 F.2d 458, 464 (3d Cir. 1989).

The First Amendment, applicable to the States through the Fourteenth Amendment, prohibits the enactment of laws "abridging the freedom of speech." U.S. Const. Amend. I. As such, a government, including a municipal government vested with State authority, "has no power to

restrict expression because of its message, its ideas, its subject matter, or its content." Police Dept. of Chicago v. Mosley, 408 U.S. 92, 95 (1972).

## Discussion

New Jersey's statutory ban on BYOB advertising places a content-based restriction on speech that fails strict scrutiny because it is not supported by a compelling government interest nor is it the least restrictive means of achieving the government's stated purpose. "Content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." Reed v. Town of Gilbert, Ariz., --- U.S. ---, 135 S. Ct. 2218, 2226 (2015) (citing R.A.V. v. St. Paul, 505 U.S. 377, 395 (1992)). "Commercial speech is no exception." Sorrell v. IMS Health, Inc., 564 U.S. 552, 566 (2011) (where Supreme Court applied heightened "strict scrutiny" standard to cases of commercial speech). In Reed, the Supreme Court struck down a sign ordinance which included various exceptions and variable standards depending on whether the sign was political, elections-oriented, or bore some other non-commercial message. The Court found that the ordinance was content-based "because of the topic discussed or the idea or message expressed" and therefore subject to strict scrutiny. 135 S. Ct. at 2227.

The Court previously held that "when a State entirely prohibits the dissemination of truthful, nonmisleading commercial messages for reasons unrelated to the preservation of a fair bargaining process," its law would be subject to "rigorous review." In 44 Liquor Mart, Inc. v. Rhode Island, 517 U.S. 484, 501 (1996), the Supreme Court found a statutory prohibition against advertisements that provided the public with accurate information about retail prices of alcoholic beverages unconstitutional. The Court struck down a Rhode Island statute that prohibited "'advertising in any manner whatsoever' the price of any alcoholic beverage offered for sale in the State; the only exception [was] for price tags or signs displayed with the merchandise within licensed premises and not visible from the street." Id. at 489. In justifying the implementation of strict scrutiny for content-based bans, the Court stated, "[o]ur commercial speech cases have recognized the dangers that attend governmental attempts to single out certain messages for suppression." Id. at 501. "[T]hey all but foreclose alternative means of disseminating certain information." Id.

As in Reed, here the BYOB advertising ban "'on its face' draws distinctions based on the message the speaker conveys." Reed, 135 S. Ct. at 2227 (citing Sorrell, 564 U.S. 564-66). The ban is therefore presumptively unconstitutional and subject to strict scrutiny. Further, as admonished in

44 Liquormart, the ban "fail[s] to leave open 'satisfactory' alternative channels of communication." 44 Liquormart, 517 U.S. at 502 (citations omitted). Rather, it provides a complete ban on truthful, nonmisleading commercial speech about a lawful product.

The State Defendants presented no compelling government interest for banning BYOB advertising, while permitting liquor stores and restaurants with liquor licenses to advertise on-site alcohol sales.[2] The State, relying on the Twenty-first Amendment, argues that it has a strong interest in regulating alcoholic beverages to protect the health, safety, and welfare of the people of the State through the promotion of temperance. The Supreme Court has made clear, however, specifically with respect to the advertisement of alcoholic beverages, that banning speech is different from and more intrusive than banning conduct. See 44 Liquormart, 517 U.S. at 511-12 ("it is no answer that commercial speech concerns products and services that the government may freely regulate"). See also Players Int'l, Inc. v. United States, 988 F. Supp. 497 (D.N.J. 1997) (distinguishing

---

[2] As discussed during oral argument, an establishment's BYOB status often is well-known and even highlighted by magazine dining guides and online crowd-sourced review forums. Only the owner or operator of the establishment is restricted concerning such speech.

government's ability to regulate activities from constraints on speech regarding the activity).

Alternatively, even if the BYOB advertising ban is merely considered commercial speech, defined as "expression related solely to economic interests of the speaker and its audience," Central Hudson Gas & Elec. v. Public Serv. Comm'n, 447 U.S. 557 (1980), it fails intermediate scrutiny.[3] Under the Central Hudson test, a court first inquires whether the commercial speech at issue concerns a lawful activity and is not misleading; if not, it is without First Amendment protection entirely. Central Hudson, 447 U.S. at 566. The remainder of the test allows the government to regulate nonmisleading commercial speech concerning a lawful activity where: it asserts a substantial interest in regulating the speech; the regulation directly advances the governmental interest asserted; and the regulation is not more extensive than necessary to serve that interest. Id.

In Central Hudson, a state public utility commission completely banned promotional advertising by an electric utility. The Supreme Court determined that the expression regulated was commercial speech that should enjoy First Amendment protection to protect the fact that it

---

[3] Notably, however, the Supreme Court has applied the heightened strict scrutiny standard to cases of commercial speech. See Sorrell, 564 U.S. 552.

informed society, and the utility company's message promoting the use of electricity was not misleading or illegal. Additionally, the government had a substantial interest in conserving energy and preserving a fair rate structure and the ban on promotional advertising directly advanced those interests. However, the Court found that the complete ban was not narrowly tailored to address the impact of whether the promotional advertising at issue had any impact on the government's interest in energy conservation. Therefore, the Court held that the commission's ban violated the First Amendment Id.

 Subsequently, a unanimous Supreme Court ruled that a federal law prohibiting the disclosure of the alcohol content of beer on labels failed the Central Hudson test's requirement that the regulation directly advance the government interest. Rubin v. Coors Brewing Co., 514 U.S. 476 (1995). While federal law prohibited the disclosure of alcohol content on labels unless required by state law, disclosure of alcohol content in advertising applied only in 18 states that affirmatively prohibited it. Producers were permitted to disclose alcohol content in advertising in much of the country, presumably advancing competition for business based on higher alcohol content. The Court determined that curbing the advertising of alcohol content of beers would be a better way of coping with strength wars than

regulating labels, so the regulation at issue did not directly advance the governmental interest asserted. The Court determined that the federal law prohibiting disclosing alcohol strength on labels was not sufficiently narrowly tailored to the government's goal; that is, the government could directly limit the alcohol content of beer instead. Id.

New Jersey's ban on BYOB advertising raises similar concerns. Justice Stevens, writing for the plurality in 44 Liquormart, cautioned that the Central Hudson test should be applied with "special care," as blanket bans on commercial speech have historically been disfavored by the Court and, when unrelated to consumer protection, rarely survive constitutional review. 517 U.S. at 500, 504. Allowing BYOB advertising would concern a lawful activity and not be misleading. The State has neither asserted a substantial interest in regulating the speech at issue, nor shown that the regulation directly advances the governmental interest asserted, and is not more extensive than necessary to serve that interest.

This Court, in an Opinion dated December 21, 2017, granted Plaintiff a preliminary injunction maintaining the status quo. The Court required the parties continue to act as they had, namely, the Defendants would not enforce the statute and Plaintiff would not advertise before the Court determined, on the merits, whether the statute is unconstitutional. The

parties have agreed that facts have not changed since this Court issued the preliminary injunction enjoining the State Defendants from taking any actions to enforce the statutory provisions that prohibit establishments from advertising that patrons may bring their own beverages to consume on the premises. The State has not identified a governmental interest for its statutory ban on BYOB advertising and has failed to present a different argument against this Court's determination at the preliminary injunction stage.

There is no dispute that the State has an interest in regulating alcoholic beverages to protect the health, safety, and welfare of its people, or that the State has the authority to regulate *conduct* in the alcoholic beverage industry through its Division of Alcoholic Beverage Control ("ABC") under the authority of the Attorney General. As noted during oral argument, BYOB establishments must comply with ABC regulations as authorized by the statute at issue, which provides that no owner or operator of a BYOB establishment "[s]hall allow the consumption of wine or malt alcoholic beverages at times or by persons to whom the service or consumption or alcoholic beverages on licensed premises is prohibited by State or municipal law or regulation." N.J. Stat. Ann. § 2C:33-27(a)(3). A BYOB owner or operator who violates the regulations is a disorderly person

and may be barred from operating the premises as a BYOB. Id. at § 2C:33-27(c). While the State may, and does, regulate conduct regarding alcoholic beverages, it has not shown that regulating the *speech* concerning that *conduct* furthers a governmental interest sufficient to override the constitutional rights at stake in this case.

## Conclusion

For these reasons as well as those stated during the September 19, 2018 oral argument on the cross-motions for summary judgment, this Court finds the State's BYOB advertising ban – specifically, the language of the statue that reads "or advertise outside or inside the premises" – to be unconstitutional. Accordingly,

IT IS ORDERED this 19th day of November, 2018 that Plaintiff's motion for summary judgment [Doc. 44] is hereby GRANTED.

IT IS FURTHER ORDERED that the State Defendants' cross-motion for summary judgment [Doc. 50] is hereby DENIED.

The parties are directed to provide the Court with a proposed permanent injunction striking the language of the statue that reads, "or advertise outside or inside the premises" to reflect this Court's decisions.

                                        /s/ Joseph H. Rodriguez
                                       JOSEPH H. RODRIGUEZ
                                              U.S.D.J.